UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIAH CAMPBELL,<br><br>    Petitioner,<br><br>    v.<br><br>PATRICK EATON,<br><br>    Respondent.[1] | No. 2:21-cv-2369-WBS-CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se in this habeas corpus action filed pursuant to 28 U.S.C. § 2254.  Currently pending before the court is respondent's motion to dismiss the federal habeas application on the ground that it is a mixed petition containing both exhausted and unexhausted claims.  ECF No. 12.  By way of opposition thereto, petitioner filed a motion to stay these proceedings in order to exhaust his state court remedies.  ECF No. 21, 23.  Petitioner also filed a first amended habeas petition striking his unexhausted claim for relief.  ECF No. 18.  For the reasons discussed below, the undersigned recommends that respondent's motion to dismiss be denied and petitioner's motion for a stay and abeyance be granted.

    **I.**    **Factual and Procedural History**

On October 31, 2018, petitioner was convicted in the El Dorado County Superior Court of

---

[1] The court grants respondent's motion to substitute Patrick Eaton as the proper respondent in this matter pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1

1  three counts of pimping and eleven counts of pandering. ECF No. 1 at 1. He was sentenced to 19
2  years and 4 months in prison. ECF No. 1 at 1. The California Court of Appeal affirmed his
3  conviction on June 29, 2020. ECF No. 1 at 2. His petition for review to the California Supreme
4  Court was denied on September 16, 2020. ECF No. 1 at 3. Petitioner did not file any state
5  habeas corpus petitions challenging his conviction before filing the instant federal habeas
6  application which contains six separate claims for relief.

7        On February 25, 2022, respondent filed a motion to dismiss asserting that claim six is
8  unexhausted because it was not included in the petition for review filed in the California Supreme
9  Court. ECF No. 12. According to the motion, petitioner's mixed habeas petition, containing both
10 exhausted and unexhausted claims, should be dismissed unless petitioner can demonstrate that he
11 is entitled to a stay and abeyance. ECF No. 12 at 3.

12       In a series of pleadings, petitioner opposed the motion to dismiss and requested a stay and
13 abeyance of these proceedings pursuant to Rhines v. Weber, 544 U.S. 269 (2005). ECF Nos. 19-
14 23. Petitioner also conditionally filed a proposed first amended § 2254 petition striking the
15 unexhausted claim for relief.[2] ECF No. 18. In his opposition to the motion to dismiss, petitioner
16 explains that he did not discover claim six alleging jury instructional error until he was allowed
17 access to the prison law library to conduct legal research. ECF No. 19 at 5. He "was prevented
18 from using the prison law library to research the grounds for his habeas petition from September
19 29, 2020, the day he received the California Supreme Court's remittitur, through October 27,
20 2021, the day he requested and was granted Priority Legal User ("PLU") status because of
21 CDCR's Covid-19 pandemic restrictions." ECF No. 19 at 2. The delay in exhausting claim six
22 was not due to any intentional delay on petitioner's part. ECF No. 21 at 12. Petitioner requests a
23 stay and abeyance of his pending habeas petition to return to state court to properly exhaust his
24 jury instruction challenge in claim six along with a related ineffective assistance of trial counsel
25 claim for not objecting to the challenged instruction. See ECF No. 21. According to petitioner,

---

[2] By filing a proposed first amended §2254 petition, it appears to the court that petitioner was following the procedure outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). However, the three step procedure outlined in Kelly is only necessary if the court denies petitioner's request for a Rhines stay and abeyance.

2

1   these claims are meritorious and, as a result, the court should grant him a stay pursuant to <u>Rhines</u>
2   <u>v. Weber</u>, 544 U.S. 269 (2005).
3         Respondent filed an opposition to petitioner's motion for a stay and abeyance.  ECF No.
4   27.  First, respondent contends that petitioner has not demonstrated the requisite good cause for a
5   <u>Rhines</u> stay.  Respondent argues that petitioner did not present any actual evidence in support of
6   his assertion of good cause and compares this case to <u>Blake v. Baker</u>, 745 F.3d 977, 982 (9th Cir.
7   2014).  However, respondent does not address the evidence petitioner submitted concerning the
8   lack of a prison law library at the fire camp where petitioner was housed for a significant period
9   of time or the restrictions on prisoner movement due to Covid-19.  <u>See</u> ECF NO. 19 at 13-14.
10  According to respondent, claim six is not meritorious and does not warrant a stay of federal
11  proceedings.  Lastly, respondent asserts that petitioner has engaged in dilatory litigation tactics
12  because he has not filed any state habeas petition to date raising claim six or the related
13  ineffective assistance of trial counsel claim.  ECF No. 27 at 5-6.  Out of an over-abundance of
14  caution, respondent does not oppose a <u>Kelly</u> stay for the purpose of exhausting claim six.  ECF
15  No. 27 at 6.  Respondent requests that the court deny petitioner a <u>Rhines</u> stay and dismiss the
16  original § 2254 petition unless petitioner deletes claim six.  ECF No. 27 at 9.

17      **II.**    **Legal Standards**
18      **A. Exhaustion of State Court Remedies**
19        The exhaustion of state court remedies is a prerequisite to the granting of a petition for
20  writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement
21  by providing the highest state court with a full and fair opportunity to consider each habeas claim
22  before presenting it to the federal court.  <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Middleton</u>
23  <u>v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir. 1985).  The prisoner must "fairly present" both the
24  operative facts and the federal legal theory supporting his federal claim to the state's highest
25  court, "thereby alerting that court to the federal nature of the claim."  <u>Baldwin v. Reese</u>, 541 U.S.
26  27, 29 (2004); <u>see</u> <u>Kelly v. Small</u>, 315 F.3d 1063, 1066 (9th Cir. 2003), <u>overruled</u> <u>on</u> <u>other</u>
27  <u>grounds</u> <u>by</u> <u>Robbins v. Carey</u>, 481 F.3d 1143 (9th Cir. 2007).  The United States Supreme Court
28  has held that a federal district court may not entertain a petition for habeas corpus unless the

petitioner has exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509 (1982) (establishing the total exhaustion rule).

### B.  Stay and Abeyance

The court may stay a federal habeas application if petitioner demonstrates (1) good cause for the failure to previously exhaust the claims in state court, (2) the claims at issue potentially have merit, and (3) petitioner has been diligent in pursuing relief.  See Rhines v. Weber, 544 U.S. at 278; Mena v. Long, 813 F.3d 907, 910-12 (9th Cir. 2016) (applying the stay and abeyance procedure to wholly unexhausted petitions).  If petitioner fails to establish any of these three factors then a Rhines stay is not appropriate.

In determining what constitutes good cause sufficient for a Rhines stay, the Ninth Circuit Court of Appeals has determined that a petitioner does not have to demonstrate extraordinary circumstances in order to justify a Rhines stay.  Jackson v. Roe, 425 F.3d 654, 661-662 (9th Cir. 2005).  Instead, the good cause standard is similar to the good cause standard used to excuse procedurally defaulted federal habeas claims.  See Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017); see also Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014) (emphasizing that "[w]hile a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will.").  The legal standard for cause to excuse a procedurally defaulted claim boils down to objective factors external to the prisoner.  See Murray v. Carrier, 477 U.S. 478, 488 (1986) (emphasizing that to establish cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.").

### III.   Analysis

In recognition of his failure to exhaust state court remedies with respect to claim six, petitioner has filed a motion to stay these proceedings.  ECF Nos. 21, 23.  Petitioner specifically requests a stay and abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005).  The court finds that petitioner has established good cause for his failure to exhaust based on his lack of access to a prison law library while housed at a fire camp combined with a delay in being transferred back to state prison due to Covid-19 restrictions.  Petitioner has submitted evidence demonstrating the

delay in getting transferred to a prison with a law library due to the Covid-19 pandemic. Petitioner has established more than bare allegations that explain his delay in exhausting his state court remedies. Moreover, all of the factors cited by petitioner were beyond his control. Therefore, petitioner has satisfied the first prong for a Rhines stay and abeyance.

The second factor for a Rhines stay requires the unexhausted claims to have potential merit. Rhines v. Weber, 544 U.S. at 278. "A federal habeas petitioner must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under Rhines." Dixon v. Baker, 847 F.3d 714, 722 (9th Cir. 2017) (quoting Rhines, 544 U.S. at 277). In recognition of the comity and federalism problems that are created by assessing the merits of unexhausted claims before a state court has had a chance to rule on them, the Ninth Circuit has determined that this standard is met unless "it is perfectly clear that the petitioner has no hope of prevailing" in state court. Dixon, 847 F.3d at 722 (citing Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005). The only unexhausted and cognizable claim in petitioner's § 2254 petition is claim six alleging that the trial court violated petitioner's right to due process and right to testify on his own behalf when it instructed the jury that evidence of petitioner's prior misdemeanor domestic misconduct could be considered in determining his credibility as a witness. ECF No. 1 at 85-113. Without reviewing the trial court transcripts which have not even been lodged with this court, it cannot be said at this stage of the proceedings that petitioner's unexhausted claim has "no hope of prevailing" in state court. With this understanding, petitioner's federal habeas application sufficiently alleges a colorable federal claim. See Cassett, 406 F.3d at 624. Therefore, the undersigned finds that petitioner has established that his unexhausted claim has potential merit.

The last factor petitioner must establish to obtain a Rhines stay is diligence in pursuing relief. Rhines, 544 U.S. at 278. While respondent argues that petitioner has failed to demonstrate diligence based on his lack of any pending state habeas petition, the court does not equate this with a lack of diligence. Nor does respondent cite any case law requiring a petitioner to have a pending state habeas corpus petition in order to demonstrate the requisite diligence for a Rhines stay. Petitioner explains that he was unable to simultaneously prepare a federal habeas petition

and a state habeas petition while trying to complete four college correspondence courses and work seven days a week at the fire camp. ECF No. 23. In light of this explanation, there is no evidence before the court that petitioner has engaged in "abusive litigation tactics or intentional delay" by not filing a state habeas petition at the same time as his federal habeas application. See Rhines, 544 U.S. at 278. Therefore, petitioner meets the diligence standard and is entitled to a stay of these proceedings pursuant to Rhines v. Weber, 544 U.S. 269 (2005).[3]

Based on all these factors, the undersigned recommends granting petitioner's motion for a Rhines stay and denying respondent's motion to dismiss petitioner's federal habeas application because it contains both exhausted and unexhausted claims for relief.[4]

### IV.    Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court is recommending that respondent's motion to dismiss be denied and that your motion for a Rhines stay be granted. Based on this recommendation, it is not necessary to delete claim six from your habeas corpus petition. As a result, your proposed first amended § 2254 petition is being struck from the docket as unnecessary.

If you disagree with any of these recommendations, you have 14 days to explain why it is not the correct outcome in your case. Label your explanation "Objections to Magistrate Judge's Findings and Recommendations." The district court judge assigned to your case will review any objections and make the final decision in your case.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall amend the docket to substitute Patrick Eaton as the proper respondent in this case.

/////

/////

---

[3] Nothing in the court's Findings and Recommendations prevents petitioner from pursing his state court remedies while the motion to dismiss and motion for a stay are pending before the district court judge.

[4] The court finds it unnecessary to address respondent's argument that petitioner's ineffective assistance of appellate counsel claim is untimely because that issue is only raised in regards to the futility of a Kelly stay. See ECF No. 27 at 6-9.

IT IS FURTHER RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 12) be denied.
2. Petitioner's motion for a stay and abeyance (ECF Nos. 21, 23), pursuant to Rhines v. Weber, 544 U.S. 269 (2005), be granted.
3. Petitioner's proposed first amended § 2254 petition (ECF No. 18) be struck from the docket as unnecessary.
4. The Clerk of Court be directed to administratively close this case.
5. Petitioner be directed to file a status report with the court every 6 months indicating what efforts he has taken to properly exhaust claim six.
6. Petitioner be further directed to file a motion to lift the stay within 30 days from the date of any decision by the California Supreme Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 6, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/camp2369.mtd+m2stay.CJRA.docx